John M. Klawa v. Commissioner.
Klawa v. Commissioner
Docket No. 6070-66.
United States Tax Court
T.C. Memo 1968-85; 1968 Tax Ct. Memo LEXIS 213; 27 T.C.M. (CCH) 403; T.C.M. (RIA) 68085; May 13, 1968. Filed John M. Klawa, pro se, 1012 N. 24th Place, Milwaukee, Wis. *214 Lawrence G. Becker, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency of $171 in petitioner's income tax for the calendar year 1965. The issues for decision are: (1) Whether petitioner is eligible to file as a "head of household" under section 1(b) (2); [1] and (2) Whether petitioner is entitled to deduct, under any section of the Code, $1,601.11 as business expenditures. Findings of Fact The petitioner, John M. Klawa, an individual, timely filed his Federal income tax return for the year 1965 with the district director of internal revenue, Milwaukee, Wis. [2]
In 1965 petitioner was not married and his parents were deceased. In that year he had two abodes, one in Milwaukee, Wis., and one in Fowler, Mo. During the taxable year petitioner lived alone in both abodes and contributed to the support of no one other than himself. *215 Petitioner's sole source of income in the taxable year was derived from stock dividends and bank and mortgage interest. He was not engaged in any trade or business nor was he engaged in renting out any real estate. On his return for 1965 petitioner claimed "head of household" status. He also deducted a lump sum of $1,601.11 as "other deductions" under Part IV, page 2, form 1040, which he termed "building repair, street improvements, new sidewalk, curb, sewer, coal bins, driveway, insurance, taxes, new road." He did not break these items down nor did he itemize any other deductions. Opinion Petitioner first contends that he qualifies for the "head of household" rates under section 1(b) (2). To qualify for these rates, which are halfway between the tax rates for individuals and those for married couples filing a joint return, an individual must be unmarried (or legally separated) at the end of the taxable year, and must have furnished over one-half the cost of maintaining a household for the entire year for at least one relative. Whether the relative must also qualify as the taxpayer's dependent and whether he or she must actually live in the taxpayer's household depends upon *216 the relationship. [3]
*217 404 Since petitioner lived alone and contributed only to his own support, it is clear that he does not qualify for the "head of household" rates. The second issue before us is one of substantiation of the expenses deducted by petitioner on his return. Petitioner has the burden of proof as to their substantiation. . (C.A. 8, 1942). We believe that petitioner has utterly failed in carrying his burden. Although there is some indication in the record that he made some expenditures relevant to a building that he owned, the amount and nature of these expenditures is far from clear. Petitioner did not aid himself in the hearing since he presented us with no evidence, other than his rather vague testimony, that could help classify and substantiate these expenditures. Secondly, even if such expenditures were actually made, we have no reason to believe that they would be deductible either under section 162 [4] as expenses of a trade or business, or under section 212 [5] as expenses for production of income, or under any other provision of the Code. Petitioner was not engaged in any *218 trade or business during the taxable year, nor was he renting out any part of the real estate for which he claimed the deductions. Thus, we conclude that these expenditures, to the extent made, were either personal [6] or capital [7] and as such are nondeductible. [8]
*219 Decision will be entered for the respondent. 405 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. Petitioner alleges but has not proven that in April 1967 he filed an amended return for 1965 and paid $50.48 therewith. He contends that since the alleged amended return was not returned to him by the Internal Revenue Service, it must have been accepted as filed and we are, therefore, precluded from considering his original return. This position is erroneous. Even if he had proven that an amended return was filed, we could still consider his original return. (C.A. 1, 1957). Furthermore, if petitioner paid any amount toward his 1965 Federal income tax liability, whether with his alleged amended return or in any other way, these payments, to the extent they can be substantiated, may be offset in settlement with the Internal Revenue Service.↩
3. SEC. 1. TAX IMPOSED. * * * (b) Rates of Tax on Heads of Households. - * * * (2) Definition of head of household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph and of section 2(b)(1)(B), an individual shall be considered as maintaining a houshold only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
5. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩
6. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. * * * no deduction shall be allowed for personal, living, or family expenses. ↩
7. SEC. 263. CAPITAL EXPENDITURES. (a) General Rule. - No deduction shall be allowed for - (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * * ↩
8. Even though petitioner has failed to substantiate any proper itemized deductions, he is nevertheless still entitled to elect the standard deduction. The tax table used by the respondent in recomputing petitioner's income tax reflects a minimum standard deduction of $300. Since this table is applicable to both form 1040 and form 1040A, the same tax is due no matter which one of these forms is used.↩